*To Court*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**JOSEPH FABOZZI,**
Plaintiff,
v.
**BOROUGH OF SEASIDE HEIGHTS, CHRISTOPHER VAZ, KENNY ROBERTS,**
**OFFICER N. ZBIKOWSKI, and GIANCONE,**
Defendants
**Civil Action No.: 3:25-cv-12009**

**CERTIFICATE OF SERVICE**

I, **Joseph Fabozzi**, hereby certify that on July 1, 2025, I caused a true and correct copy of the following documents:

- **Amended Complaint**
- **Notice of Filing of Amended Complaint**
- **This Certificate of Service**

to be served via CERTIFIED MAIL: 9589 0710 5270 0713 0942 18
and email upon the following counsel of record:

**Attorney for Defendants**
Michael S Nagurka Esq
Rothstein, Mandell, Strohm, Halm, & Cipriani
98 East Water Street
Toms River, NJ 08753
mnagurka@rmshc.law

RECEIVED

JUL 07 2025

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

I certify under penalty of perjury that the foregoing is true and correct.
**Dated:** July 1, 2025

**Respectfully submitted,**

*Joseph Fcb*

**Joseph Fabozzi**
99 Bay Parkway
Waretown, NJ 08758
Joseph.Fabozzi@hotmail.com
732-614-0252
**Pro Se Plaintiff**

To Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**JOSEPH FABOZZI,**
Plaintiff,
v.
**BOROUGH OF SEASIDE HEIGHTS;**
**CHRISTOPHER VAZ;**
**KENNY ROBERTS;**
**OFFICER N. ZBIKOWSKI;**
**OFFICER GIANCONE,**
Defendants.

RECEIVED

JUL 0 7 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - D.NJ

**Civil Action No.: 3:25-cv-12009**

**NOTICE OF FILING OF AMENDED COMPLAINT**

TO: THE CLERK OF THE COURT

AND TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Plaintiff **Joseph Fabozzi,** proceeding pro se, hereby

files the attached **Amended Complaint** in the above-captioned matter pursuant to

**Fed. R. Civ. P. 15(a)(1)(B)** or, in the alternative, **Rule 15(a)(2)** with leave of court

or written consent of the opposing party if required.

The Amended Complaint:

• Adds additional factual allegations;

• Names new individual defendants in their official and individual capacities;

• Clarifies and expands upon existing claims under the **ADA, NJLAD, 42**

**U.S.C. § 1983, § 1985,** and other state and federal laws;

- Incorporates and references previously filed **exhibits** supporting the claims;

- Seeks compensatory, punitive, and injunctive relief.

A copy of the Amended Complaint with updated exhibit references is attached

hereto.

Respectfully submitted,

**Joseph Fabozzi**
99 Bay Parkway
Waretown, NJ
08758
Joseph.Fabozzi@hotmail.com
732-614-0252
Pro Se Plaintiff
**Dated:** July 1, 2025

To Court

**AMENDED COMPLAINT**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW**
**JERSEY**
**Joseph Fabozzi,**
Plaintiff,
v.
**Borough of Seaside Heights, Christopher Vaz, Kenny Roberts, Officer N.**
**Zbikowski**, and **John/Jane Does 1–10,**
Defendants.
Civil Action Case No. 3:25-cv-12009

Jury Trial Demanded

**I. PRELIMINARY STATEMENT**



RECEIVED

JUL 0 7 2025

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - D.NJ

1.      This is a civil rights and disability discrimination action arising under Title

II of the Americans with Disabilities Act (ADA), the New Jersey Law Against

Discrimination (NJLAD), and 42 U.S.C. § 1983, for violations of Plaintiff Joseph

Fabozzi's federally protected rights by the Borough of Seaside Heights and its

employees.

2.      Plaintiff, a disabled Iraq War veteran, was unlawfully ejected from the

Seaside Heights boardwalk on October 12, 2023, while accompanied by his

properly trained service dog, Kodiak.

3.      Defendants' actions were not only contrary to the ADA and NJLAD, but

were also retaliatory, discriminatory, and carried out with deliberate indifference to

Plaintiff's federal rights.

4.    Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and any further relief this Court deems just.

## II. JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights violations), and supplemental jurisdiction over state claims under 28 U.S.C. § 1367.

6.    Venue is proper in the District of New Jersey under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Ocean County, New Jersey.

## III. PARTIES

7.    Plaintiff **Joseph Fabozzi** is a resident of Waretown, New Jersey. He is a disabled veteran who uses a service animal to assist with PTSD, Traumatic Brain Injury, and diabetes-related impairments.

8.    Defendant **Borough of Seaside Heights** is a New Jersey municipality organized under the laws of the State of New Jersey and responsible for the actions of its agents and employees.

9.     Defendant **Christopher Vaz** is the Administrator for the Borough of Seaside Heights. He is sued in his individual and official capacities.

10.    Defendant **Kenny Roberts** is a Municipal Official, Supervisor, Code Enforcement, Zoning Officer & Flood Plain Manager employed by the Borough of Seaside Heights. He is sued in his individual and official capacities.

11.    Defendant **Officer N. Zbikowski,** Badge #3510, is a Code Enforcement Officer employed by the Borough of Seaside Heights. He is sued in his individual and official capacities.

12. Defendant **PTL Giancone** is, upon information and belief, a Police Patrolman employed by the Seaside Heights Police Department. At all times relevant, PTL Giancone was acting under color of law and within the scope of his employment. He is sued in his individual and official capacities.

## IV. FACTUAL ALLEGATIONS

13.    Plaintiff **Joseph Fabozzi** is a permanently disabled veteran of the Iraq War. He suffers from post-traumatic stress disorder (PTSD), diabetes, and other service-connected conditions. He uses a service dog, **Kodiak,** to assist with medical episodes, emotional regulation, and panic attacks.

14.    On **October 12, 2023**, Plaintiff visited the **Seaside Heights Boardwalk** with Kodiak, who was leashed and under control at all times. Plaintiff parked in a handicapped space near the Sawmill and walked north on the boardwalk.  (Exhibit 1, 2)

15.    Plaintiff and Kodiak briefly stopped at **Maruca's Pizza**, a private establishment, where Plaintiff fed Kodiak a small amount of pizza while seated on a bench. At no point was Kodiak disruptive, aggressive, or out of control. (Exhibit 6)

16.    **Officer N. Zbikowski**, Badge #3510, approached Plaintiff and began recording video of him and Kodiak without cause. He falsely claimed that Kodiak was not a working service animal because he had eaten and briefly stood on the bench. Zbikowski ordered Plaintiff to leave the boardwalk. (Exhibit 6)

17.    Plaintiff informed Officer Zbikowski that Kodiak was a service dog trained to assist with PTSD and diabetic episodes, and cited the **ADA standard** requiring removal only if the animal is "out of control and the handler does not take effective action to control it." (Exhibits 1,2)

18.    Officer Zbikowski escalated the matter by contacting **Kenny Roberts**, Code Enforcement, Zoning Officer & Flood Plain Manager, who reviewed a video clip and concurred with Zbikowski's conclusion that Kodiak was not "working." (Exhibits 1, 2)

19.    Plaintiff called the police and requested a report to document the incident.

**PTL Giancone** responded but inaccurately described the situation in the police

report, falsely stating that Plaintiff was uncooperative or refused to leave.  The first

thing the defendant said to officer Giancone is, "This is my ID.  I'm identifying

myself.  I'm going to leave, I'm going leave when he asks me to leave.  But I want

a police report." (Exhibit 1, 2, 4, 5)

20.    During the incident, Plaintiff suffered a panic attack. Kodiak recognized this

and performed trained tasks — including pulling Plaintiff away from stressors.

This behavior was misinterpreted by Seaside Heights officials as "nervousness" or

disobedience, despite being medically necessary service behavior. Plaintiff stated,

"He can tell I'm upset. Come on Kodi. " (Exhibits 2, 5)

21.    Plaintiff filed an **Internal Affairs complaint** on the same day and sent

**emails to Christopher Vaz,** Borough Administrator, outlining the discrimination

and citing the applicable ADA regulations. (Exhibits 5, 7, 11, 13, 16)

22.    On **October 13, 2023, Vaz responded** by stating that he had reviewed the

video and believed Kodiak was "distracted" and "not working." He explicitly

refused to acknowledge Kodiak as a service dog and claimed the Code

Enforcement Officer acted reasonably. (Exhibits 12, 15)

23.    On **November 3, 2023,** Plaintiff sent a **formal demand letter** to the

Borough, requesting acknowledgment of the violation, an apology, and assurance

that he and his service dogs could safely access public spaces in the future.

(Exhibits 21, 22, 23)

24.    That same day, **Vaz refused**, writing: "Seaside Heights is not apologizing, and we do not recognize Kodiak as a bona fide service animal." Vaz further stated the Borough would no longer communicate about the incident and advised Plaintiff to consult a lawyer. (Exhibit 24)

25.    Despite Plaintiff's request to resolve the matter amicably, the Borough of Seaside Heights and its officials maintained their position and failed to offer training, accommodations, or policy changes. Plaintiff was left with no choice but to seek judicial relief.  (Exhibits 1-27)

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA TITLE II)

**(Against All Defendants)**

26.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

27.    Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability by excluding them from participation in or denying them the benefits of services, programs, or activities of the public entity. 42 U.S.C. § 12132.

28.    Plaintiff is a qualified individual with a disability, as defined under 42 U.S.C. § 12102. He relies on his service dog, Kodiak, to manage PTSD, Traumatic Brain Injury, and diabetes-related symptoms.

29.    Defendant Borough of Seaside Heights is a public entity within the meaning of the ADA.

30.    Plaintiff was engaged in a lawful activity—walking on a public boardwalk— when he and his service dog were ordered to leave by municipal personnel.

31.    At all times, Kodiak was under Plaintiff's control, housebroken, and performing medically necessary tasks consistent with his training as a service animal under 28 C.F.R. § 35.104.

32.    The Code Enforcement Officer's and municipality's rationale for exclusion (e.g., Kodiak was eating, standing on a bench, "not working") is inconsistent with federal law and not listed among the ADA's lawful bases for removal.

33.    Defendant failed to provide reasonable modifications, accommodations, or engage in any form of interactive process before removing Plaintiff and his dog.

34.    As a result, Plaintiff suffered emotional distress, humiliation, and exclusion from a public space due to his disability.

35.    Defendant's conduct violated Title II of the ADA.


## COUNT II – VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION (NJLAD)

**(Against All Defendants)**


36.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

37.    Under the NJLAD, it is unlawful for a place of public accommodation or its agents to discriminate against a person with a disability or to deny them access due to the presence of a guide or service dog. N.J.S.A. 10:5-29.5.

38.    Plaintiff was utilizing a trained service dog on the boardwalk, a public space. The conduct of Officer Zbikowski, Kenny Roberts, Giancone, and the municipality resulted in the denial of access and unjustified removal.

39.    Seaside Heights staff acted under color of municipal authority and in their official roles when enforcing a discriminatory and noncompliant "Dog Policy." (Exhibit 3)

40.    Defendants' actions caused Plaintiff emotional injury, embarrassment,

exclusion, and interference with his rights as a disabled person.

41.    Defendants violated the NJLAD.


## COUNT III – MONELL LIABILITY – 42 U.S.C. § 1983

## (Against Borough of Seaside Heights and Christopher Vaz)


42.    Plaintiff incorporates by reference the preceding paragraphs as if fully set

forth herein.

43.    The Borough of Seaside Heights is liable under *Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658 (1978), because the violations of Plaintiff's constitutional

rights were caused by municipal policy, practice, or custom.

44.    The Borough maintained a "Dog Policy" (Exhibit 3) that is inconsistent with

federal ADA standards and fails to provide proper guidance to municipal officers

regarding the rights of individuals with service animals.

45.    Borough administrators, including Christopher Vaz and Kenny Roberts,

explicitly endorsed the actions of Officer Zbikowski, refused to acknowledge ADA

obligations, and failed to take corrective action.

46.    The policy and training failures constitute deliberate indifference to the

rights of disabled individuals.

47.   As a direct result of this policy, Plaintiff's rights under the ADA and

Constitution were violated.

## COUNT IV – VIOLATION OF EQUAL PROTECTION

## (42 U.S.C. § 1983 – Against Individual Defendants in Their Personal Capacities)

48.   Plaintiff incorporates by reference the preceding paragraphs as if fully set

forth herein.

49.   The Equal Protection Clause of the Fourteenth Amendment prohibits

government actors from treating similarly situated individuals differently without a

rational basis or in a discriminatory manner.

50.   Plaintiff was treated differently than other individuals on the boardwalk

because of his disability and the presence of his service dog.

51.   While no other individuals with pets or service animals were observed on

the boardwalk at that time, the conduct used to justify Plaintiff's removal—feeding

a service dog, the service dog standing on a bench, or momentary distraction—is

not enforced against the general public, nor is it recognized under federal law as a

lawful basis to exclude a service animal. Plaintiff was treated differently and held

to an improper standard because of his disability and use of a service animal.

52.    Defendants Officer Giancone, Officer Zbikowski, Kenny Roberts, and

Christopher Vaz singled out Plaintiff for removal, publicly questioned the

legitimacy of his service dog, and excluded him from a public space without lawful

justification.

53.    This selective treatment was based on irrational distinctions and reflected

discriminatory animus or willful ignorance of Plaintiff's rights.

54.    Defendants violated Plaintiff's right to Equal Protection under the

Fourteenth Amendment.


**COUNT V – VIOLATION OF SUBSTANTIVE DUE PROCESS**

**(42 U.S.C. § 1983 – Against All Individual Defendants)**


55.    Plaintiff incorporates by reference the preceding paragraphs as if fully set

forth herein.

56.    The Due Process Clause of the Fourteenth Amendment protects individuals

from arbitrary governmental interference with their rights, bodily integrity, and

liberty interests.

57.    Plaintiff has a constitutionally protected interest in accessing public spaces without harassment or exclusion on the basis of disability.

58.    The actions of Officer Giancone, Officer Zbikowski and Kenny Roberts — demanding Plaintiff leave the boardwalk without lawful cause, mischaracterizing his service dog, and escalating the confrontation during a panic attack — were egregious, conscience-shocking, and violated Plaintiff's right to personal security and liberty.

59.    Defendant Vaz ratified these actions by refusing to acknowledge wrongdoing, dismissing ADA concerns, and endorsing a discriminatory policy. (Exhibit 15)

60.    These actions were taken under color of state law and constitute a deprivation of Plaintiff's substantive due process rights.

## COUNT VI – NEGLIGENT TRAINING, SUPERVISION, AND RETENTION

**(Against Borough of Seaside Heights and Christopehr Vaz)**

61.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

62.    The Borough of Seaside Heights had a duty to adequately train, supervise, and oversee its code enforcement officers, administrators, and supervisory staff regarding their legal obligations under the ADA and NJLAD.

63.    Defendant Borough of Seaside Heights failed to provide accurate training on federal disability law, resulting in the adoption and enforcement of an unlawful "Dog Policy" (Exhibit 3) and the mistreatment of service dog handlers.

64.    Borough administrators including Vaz and Roberts allowed unconstitutional and discriminatory conduct to occur without discipline, correction, or policy review, despite Plaintiff's formal requests and attempts at resolution.

65.    The Borough's failure to train and supervise was a proximate cause of the violations of Plaintiff's rights and the emotional injuries he sustained.

**COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

**(Against Vaz, Roberts, Zbikowski, and Ginacone in their Individual Capacities)**

66.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

67. Defendants Vaz, Roberts, Zbikowski, Giancone engaged in conduct that was extreme and outrageous by any reasonable standard of decency.

68. Their coordinated effort to remove Plaintiff and his service dog from the boardwalk—despite Plaintiff's visible distress, medical condition, and legally protected rights—was malicious, humiliating, and done with reckless disregard for Plaintiff's well-being.

69. This occurred in a public setting and while Plaintiff was actively experiencing a panic attack, which was exacerbated by Defendants' hostile and accusatory behavior.

70. After the incident, Defendants refused to apologize, dismissed Plaintiff's legal rights, and made condescending statements in writing that reinforced their discriminatory attitudes.

71. Defendants knew or should have known that such conduct would cause severe emotional harm to a disabled veteran with PTSD and Traumatic Brain Injury.

72. As a direct result, Plaintiff suffered psychological trauma, emotional pain, and humiliation.

**COUNT VIII – CIVIL CONSPIRACY**

**(Against Vaz, Roberts, Zbikowski, and Giancone)**

73.  Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

74.  Defendants Vaz, Roberts, Zbikowski, and Ginacone agreed, either explicitly or tacitly, to unlawfully remove Plaintiff and his service dog from public property in violation of the ADA and constitutional law.

75.  Each Defendant took affirmative steps to further this objective—Zbikowski by initiating the confrontation, Roberts by confirming the discriminatory reasoning based on a video, and Vaz by endorsing the decision, ratifying it in writing, and refusing to engage in dialogue afterward.  Giancone by not defending the Plaintiff and arresting Zbikowski for harassment as the Plaintiff requested (Exhibit 1, 2)

76.  These coordinated actions demonstrate a meeting of the minds and shared intent to deprive Plaintiff of his civil rights.

77.  Plaintiff was injured as a result of this unlawful agreement and is entitled to damages.


**COUNT IX – FAILURE TO INTERVENE**

**(Against Roberts and Vaz)**

78.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

79.    Supervisory officials, including Roberts and Vaz, had a duty to prevent constitutional violations once aware of the unlawful conduct initiated by Officer Zbikowski.

80.    Both had actual notice of the confrontation on October 12, 2023, and the improper rationale being used to justify Plaintiff's exclusion.

81.    Neither intervened to stop the discrimination, offer guidance consistent with federal law, or deescalate the situation in a manner respectful of Plaintiff's disability.

82.    Their failure to act directly contributed to Plaintiff's injuries.


**COUNT X – PUNITIVE DAMAGES**

**(Against Vaz, Roberts, Zbikowski, and Giancone Individually)**


83.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

84.    The conduct of Defendants Vaz, Roberts, Zbikowski, and Giancone was intentional, willful, malicious, and in reckless disregard of Plaintiff's federally protected rights.

85. Plaintiff seeks punitive damages in an amount to be determined by a jury to punish and deter such conduct in the future.

## COUNT XI – INJUNCTIVE & DECLARATORY RELIEF

## (Against Borough of Seaside Heights)

86. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

87. Plaintiff seeks a declaration that Seaside Heights violated his rights under the ADA, NJLAD, and Constitution by adopting and enforcing a "Dog Policy" that contradicts federal law.

88. Plaintiff further seeks an injunction requiring:

• Immediate revision of the Borough's "Dog Policy" to comply with the ADA;

• Comprehensive training for all police, code enforcement, and administrative employees on the rights of disabled individuals and proper treatment of service dogs;

• Public acknowledgment that Kodiak is a bona fide service animal.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Joseph Fabozzi** respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

A. **Compensatory damages** in the amount of **$500,000** for emotional distress, humiliation, pain and suffering, loss of dignity, and other injuries caused by Defendants' conduct;

B. **Punitive damages** in the amount of **$750,000** against Defendants **Christopher Vaz, Kenny Roberts, Officer N. Zbikowski and Giancone** in their individual capacities, for acting with malice or reckless disregard for Plaintiff's federally protected rights;

C. **Nominal damages** for each violation of Plaintiff's constitutional rights;

D. **Declaratory relief** stating that Defendants violated Plaintiff's rights under the Americans with Disabilities Act, the New Jersey Law Against Discrimination, and the United States Constitution;

E. **Injunctive relief**, including:

1.     Revision of the Seaside Heights "Dog Policy" to comply with the ADA;

2.     Mandatory ADA training for all Seaside Heights employees, including Code Enforcement, Police, and administrative staff;

3.     Formal acknowledgment that **Kodiak is a bona fide service animal** and that Plaintiff has the right to public access with his service dog.

F. **Costs of suit,** including filing fees and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 (even though Plaintiff is proceeding pro se, he reserves the right to seek fees if represented in the future);

G. **Such other and further relief** as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a **trial by jury** on all issues so triable.

FROM:

Joe Fabozzi
99 Bay Parkway
Waretown, NJ 08758

9589 0710 5270 0713 0942 25

UNITED STATES
POSTAL SERVICE®

RDC 99

TO:

Clerk of Court, U.S. Dist Court
Dist of NJ
Clarkson S Fisher Bld + Courthous
40 East State Street
Trenton, NJ 08608

RECEIVED
JUL 07 2025

Utility Mailer
10 1/2" x 16"



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9589 0710 5270 0713 0942 25



*Retail*

UNITED STATES
POSTAL SERVICE®

RDC 99



08606

U.S. POSTAGE PAID
FCM LG ENV
WARETOWN, NJ 08758
JUL 01, 2025

**$7.72**

S2324P502033-21

lerK of Court, U.S. Dist Court
st of NJ
tarKson Sfisher Bld + Courthouse
101 East State Street
Trenton, NJ 08608

ReadyPost.