**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH FABOZZI,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF SEASIDE HEIGHTS, *et al.*,<br><br>Defendants. | Civil Action No. 25-12009 (MAS) (JBD)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Joseph Fabozzi's ("Plaintiff") Motion to Remand this action to the Superior Court of New Jersey, Ocean County, Civil Part. (Mot. to Remand, ECF No. 5.) On May 27, 2025, Plaintiff commenced an action against the Borough of Seaside Heights ("Defendant"), asserting various claims arising out of his allegedly unlawful removal from the Seaside Heights Boardwalk after he fed his service dog "a small piece of pizza." (Compl. ¶ 1, ECF No. 1-1.) On June 23, 2025, Defendant timely removed the action to this Court, invoking federal question jurisdiction pursuant to 28 U.S.C § 1441(a). (Notice of Removal, ECF No. 1.) The instant motion followed.[1]

---

[1] Plaintiff thereafter filed an amended complaint, adding Christopher Vaz, Kenny Roberts, Officer N. Zbikowski, and John and Jane Does as defendants. (*See* Am. Compl. ¶ 15, ECF No. 8.) The amended complaint asserts the following counts: (1) violation of the Americans with Disabilities Act; (2) violation of the New Jersey Law Against Discrimination; (3) Monell liability under 42 U.S.C. § 1983; (4) violation of the Equal Protection Clause of the Fourteenth Amendment; (5) violation of substantive due process under 42 U.S.C. § 1983; (6) negligent training, supervision, and retention; (7) intentional infliction of emotional distress; (8) civil conspiracy; (9) failure to intervene; (10) punitive damages; and (11) injunctive and declaratory relief. (*Id.* ¶¶ 26-88.)

In his motion, Plaintiff seeks remand on the grounds that removal is "improper, burdensome, and designed solely to disadvantage a self-represented and disabled litigant." (Mot. to Remand 1.) Specifically, Plaintiff asserts he suffers from "cognitive and emotional limitations" and would be "severely disadvantaged by the complexity, formalism, and procedural demands of federal court." (Mot. to Remand ¶¶ 6, 7.) In response, Defendant argues that Plaintiff's motion is meritless and that an inconvenient forum does not provide a basis upon which to remand. (Def.'s Opp'n Br. 1, ECF No. 9.) The Court agrees.

"When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal." *Bergen Reg'l Med. Ctr., L.P. v. Health Pros.*, No. 05-2596, 2005 WL 3216549, at *2 (D.N.J. Nov. 29, 2005) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). Here, Defendant has met its burden insofar as it has established federal question jurisdiction pursuant to 28 U.S.C. § 1441(a), which Plaintiff does not dispute. (*See generally* Mot. to Remand.) Further, 28 U.S.C. § 1447 provides that a motion to remand based on "any defect other than lack of subject matter jurisdiction" must be made within 30 days of removal. 28 U.S.C. § 1447(c). Plaintiff, however, "fails to point to any defect in removal." *Hamed v. Horace Mann Ins. Co.*, No. 08-00133, 2008 WL 863992, at *1 (W.D. Pa. Mar. 31, 2008).

Instead, Plaintiff seeks remand solely based on the alleged inconvenience of litigating in federal court. (*See generally* Mot. to Remand.) But an inconvenient forum, or *forum non conveniens*, is "a basis for a *defendant* to move for dismissal of an action, not for a plaintiff to challenge removal of an action." *Kenny v. Denbo*, No. 16-8578, 2017 WL 65540, at *3 (D.N.J. Jan. 5, 2017) (emphasis added). Moreover, Plaintiff cites no authority supporting remand on the grounds that the state forum is more convenient due to a plaintiff's medical considerations, and the Court is unaware of any such authority. *See, e.g., Hamed*, 2008 WL 863992, at *1-2 (denying

2

motion to remand where plaintiff solely argued that litigating in federal court would be inconvenient due to his "multiple medical conditions" and additional travel burdens).

**IT IS**, **THEREFORE,** on this  9th  day of December 2025, **ORDERED** as follows:

1. Plaintiff's Motion to Remand (ECF No. 5) is **DENIED.**

2. The Clerk of Court shall serve a copy of this Order on Plaintiff by regular U.S. mail.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE